1    **E-filed 4/13/10**

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                             SAN JOSE DIVISION

10

11   SAN FRANCISCO TECHNOLOGY, INC.,        No. C 09-6083 RS   CV 10 - 0 1 6 5 6

                                                                              RS
12            Plaintiff,                     ORDER RE PENDING MOTIONS

13       v.                                                                  HRL

14   ADOBE SYSTEMS INCORPORATED, et
     al.,

15

16            Defendants.

17

18                              I. INTRODUCTION

19        Defendants in this action are fourteen wholly unrelated companies that market and sell

20   wholly unrelated products.  Plaintiff seeks to hold each company liable for allegedly violating 35

21   U.S.C. § 292 by marking its own products with expired patent numbers.  Defendants have filed over

22   twenty separate motions, that fall into four basic categories:  (1) motions to dismiss based on the

23   argument that plaintiff lacks standing, (2) motions to dismiss for an asserted failure to plead fraud

24   with the requisite degree of particularity, (3) motions to sever and to transfer venue as to certain

25   defendants, and (4) motions to stay pending the Federal Circuit's resolution of the standing issue in

26   a pending appeal.

27        Because all of the defendants have been improperly joined in this action, the claims against

28   each defendant will be severed.  The claims against defendants who have sought transfer will be

United States District Court
For the Northern District of California

transferred, as plaintiff has offered no opposition to the transfers apart from its unavailing argument that all these claims should be litigated in a single action. The claims against the remaining defendants will be stayed, pending the Federal Circuit's resolution of the threshold issue of standing in circumstances like these.

## II. BACKGROUND

The defendants in this action make products ranging from computer software (Adobe Systems Incorporated), to firearms (Magnum Research, Inc.), to toothbrushes, tissues, and paper towels (Procter & Gamble).[1] Plaintiff San Francisco Technology, Inc. ("SF Tech") alleges that each defendant has marked certain of its own products with one or more expired patent numbers. Beyond alleging that it is a Delaware corporation with its principal place of business in San Jose, California, SF Tech discloses nothing about itself or the business in which it may be engaged. It does not contend that it is in competition with any of the defendants, or that their alleged conduct has caused it any harm. Rather, it brings this action solely as a *qui tam* proceeding to recover civil fines under 35 U.S.C. § 292.

## III. DISCUSSION

A. <u>Misjoinder of defendants</u>

The complaint alleges no connection or relationship among any of the defendants or their products. Rule 20(b)(2) of the Federal Rules of Civil Procedure governs when multiple defendants may be joined in an action. It permits joinder of more than one defendant where:

---

[1]  The other defendants and their products are:  Brita Products Co.—water pitcher filters; Delta Faucet Co.—water faucets; Evans Manufacturing—tools for opening beverage bottles and cans; Evercare Co.—lint removal rollers; Graphic Packaging Int'l, Inc.—packaging products for beverage cans; Pavestone Company LP—paving stones; SC Johnson—shaving gels and creams, and Ziploc plastic bags; Spectrum Brands, Inc.—aquarium filters and Rayovac brand battery products; Super Swim Corp.—swimming products; Unilock, Inc.—landscaping products; West Coast Chain Mfg. Co.—key chain and retractor products.

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

In opposing severance, SF Tech has focused solely on the requirement of subsection (B) that there be a common question of law or fact.  The requirements of (A) and (B) are conjunctive, both must be satisfied.   There is no tenable argument that the claims alleged against each of these separate defendants arise out of the "same transaction, occurrence, or series of transactions or occurrences."[2]   While each defendant is alleged to have engaged in a similar *kind* of conduct, each defendant acted in a separate place and time when it put its allegedly mis-marked products on the market.

At oral argument, SF Tech argued that the circumstances here are analogous to patent infringement suits, where it is not uncommon to join otherwise unrelated defendants into a single infringement suit.  In those actions, however, there is at a minimum the common "transaction" of the patents-in-suit having been issued by the PTO.  Here, there is nothing but separate alleged violations of a particular statute.

Accordingly, there simply is no basis to join these fourteen defendants in a single suit. While only some defendants have moved for severance, Fed R. Civ. P. 21 authorizes the Court to sever misjoined parties on its own motion, and such severance is appropriate here.  The Clerk will be directed to open new files as set out below.

B. Transfer

Magnum Research moves to transfer the action against it to the District of Minnesota.   Delta Faucet moves for transfer to the Southern District of Indiana.  Graphics Packaging seeks transfer to the Northern District of Georgia.   All three defendants have shown that convenience and the interests of justice support the requested transfers under 28 U.S.C. § 1404(a).  The sole basis of SF Tech's opposition to transfer is its contention that all defendants are properly joined in this

---

[2]   Any suggestion that defendants are jointly or severally liable would be even less viable.

3

1  proceeding.  At oral argument SF Tech expressly acknowledged that there is no basis to deny

2  transfer after severance.

3     SF Tech does urge the court to reach—and to deny—the motions to dismiss brought under

4  Rule 12(b)(6) prior to transferring these parties, arguing it would be unfair for defendants to obtain a

5  "second bite of the apple" in the transferee court.   Although this Court expressed some tentative and

6  general views regarding the motions to dismiss, it did not address them to the extent that any of the

7  defendants could be said to have already had a first bite of the apple.[3]  Additionally, Magnum

8  Research made arguments in its motion to dismiss that were unique to its particular circumstances.

9  The Court did not express even any tentative views as to those arguments.

10    Finally, at the hearing Graphics Packaging raised a concern that it might be improper to

11 grant the transfer motions without first concluding that SF Tech has Article III standing to pursue

12 this action.  Post hearing, Graphics Packaging submitted citations to some older authorities

13 suggesting that jurisdictional questions generally are to be resolved prior to venue issues.  In

14 *Sinochem International Co. v. Malaysia International Shipping Corp.*, 549 U.S. 422 (2007),

15 however, the Supreme Court clarified that the only absolute prohibition is that against deciding

16 issues going to the *merits* prior to finding that jurisdiction exists.  "[A] federal court has leeway 'to

17 choose among threshold grounds for denying audience to a case on the merits.'"  *Id*. at 431 (quoting

18 *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999) and *Steel Co. v. Citizens for Better*

19 *Environment*, 523 U.S. 83, 100-101 n. 3 (1998)).

20    The *Sinochem* court held that where resolution of the jurisdictional question would be

21 complex and difficult, the trial court did not err in dismissing the case on *forum non conveniens*

22 grounds without first establishing jurisdiction.  549 U.S. at 432.  Although the court cautioned

23 jurisdiction should be addressed first where it can be "readily determine[d]," it is proper to take the

24 "less burdensome course" where it cannot.  *Id*.  *Sinochem* involved the common law doctrine of

25 *forum non conveniens*, rather than a transfer under 28 U.S.C. § 1404(a).  Courts have applied the

26 principles of *Sinochem*, however to this context.  *See In re: Limitnone, LLC*, 551 F.3d 572, 577 (7th

27

28 [3]  Magnum Research appears to have contemplated that the Court would decide its motion to dismiss prior to reaching the transfer motion.  Because Magnum has shown that transfer is appropriate, the Court will not prejudge the sufficiency of the complaint for the transferee court.

4

United States District Court
For the Northern District of California

1   Cir. 2008) ("as § 1404(a) is nothing more than a codification of the traditional *forum non conveniens*

2   rules without the attendant disadvantages of outright dismissal . . . it is appropriate to apply the same

3   rules regarding the necessity of establishing jurisdiction to both.); *Pub. Employees' Ret. Sys. of*

4   *Miss. v. Morgan Stanley*, 605 F.Supp.2d 1073 (C.D. Cal. 2009) (citing *Sinochem* and *Limitnone* for

5   the proposition that a "decision to transfer for inconvenient forum is not a decision on the merits and

6   therefore does not require a finding of jurisdiction.").

7        This is an appropriate case for exercising discretion to decide the transfer motions prior to

8   any conclusive determination as to jurisdiction.  The right of these three defendants to transfer to

9   their home venues is abundantly clear; it was only by virtue of their improper joinder that there was

10  any basis to assert this was a proper venue in the first instance.  Conversely, resolving the question

11  of whether SF Tech has Article III standing is not straightforward at all.  While it is likely that this

12  Court ultimately will have to determine that question as to the cases that will remain in this district,

13  that does not support it doing so with respect to these three defendants, in cases that should have

14  been separately brought in defendants' home districts from the outset.  Accordingly, the motions to

15  transfer will be granted.

16

17      C.  Standing

18       Led by Proctor & Gamble, most defendants by joinder and/or separate motion seek dismissal

19  on grounds that SF Tech has not alleged that it has suffered an injury in fact sufficient to give it

20  standing under Article III of the Constitution.  Two cases presently pending at the Federal Circuit

21  have taken divergent approaches to this question.  First, in *Pequignot v. Solo Cup Co.*, 640

22  F.Supp.2d 714 (E.D.Va. 2009), the court found that a private, non-competitor, plaintiff suing under

23  35 U.S.C. § 292 would ordinarily lack Article III standing, but for the *qui tam* nature of the statute.

24  640 F.Supp.2d at 718-719 ("Thus, without the special standing conferred by the qui tam aspects of §

25  292(b), Pequignot lacks standing to sue Solo because he fails to allege any actual or imminent injury

26  to himself.)  The *Pequignot* court found, however, that as a *qui tam* relator, the plaintiff effectively

27

28

5

United States District Court
For the Northern District of California

1    is an assignee of the Government's interest in enforcing the statutory penalty, and therefore has

2    standing. *Id.* at 719.[4]

3         In *Stauffer v. Brooks Bros.*, 615 F.Supp.2d 248 (S.D.N.Y. 2009), the court found that a non-

4    competitor lacks Article III standing to bring a claim under 35 U.S.C. § 292.  Noting that "all

5    plaintiffs—including *qui tam* plaintiffs granted a statutory right of action—must satisfy the

6    'irreducible constitutional minimum' of standing," the court concluded that the lack of injury to the

7    plaintiff, the government, or the public at large required dismissal of the action.

8         There appears to be little dispute that if the Federal Circuit affirms the decision in *Stauffer*

9    there likely will be no way to distinguish it or to otherwise avoid its application to this case.

10   Conversely, should *Stauffer* be reversed, that likely will preclude any further argument that SF Tech

11   lacks standing here.[5]

12        As SF Tech points out, it is not the general rule that a stay will be granted simply because

13   some appellate decision is pending that may have some bearing on the case at hand.  In this

14   instance, however, a stay pending a decision in the *Stauffer* appeal appears warranted.   First,

15   plaintiff cannot complain about a stay if the alternative is that this Court chooses to follow *Stauffer*

16   and dismiss.  If the Court declined to follow *Stauffer*, however, it seems inevitable that Federal

17   Circuit will rule before these actions could proceed to judgment.  Then, unless the decision is a

18   reversal, dismissal of these actions likely would be required.  The possibility that *Stauffer* may very

19   well be reversed does not support expending party and court resources in the interim.

20        SF Tech has not identified any particular prejudice it will suffer from a stay.  Mere delay in

21   any eventual monetary recovery is not sufficient to require going forward where the threshold issue

22

23

24   [4]   The *Pequignot* court implied some distaste for a statutory scheme that "benefit[s] individuals,
     such as the plaintiff in the case at bar, who have chosen to research expired or invalid patent
25   markings and to file lawsuits in the hope of financial gain." *Id.* at 728.  The court concluded,
     however, that any abuses in this arena are a matter for Congress, not the courts, to address.  *Id.*
26

27   [5]   The standing issue apparently was not raised in the *Pequignot* appeal.  Accordingly, while the
     Federal Circuit's disposition of *Pequignot* may be instructive for these actions in one or more
28   aspects, it is less likely to include a direct holding disposing of the standing issue one way or the
     other.

6

United States District Court
For the Northern District of California

1   of standing can be conclusively resolved by waiting for the Federal Circuit to rule. Accordingly, the

2   actions remaining in this district will be stayed.

3        The motions to dismiss for lack of standing will be denied without prejudice. They may be

4   renewed if and when the Federal Circuit issues a decision in *Stauffer* that supports those motions.

5   The motions to dismiss for failure to state a claim will also be denied without prejudice. They may

6   be renewed either in conjunction with any renewed motions challenging standing, or independently,

7   in the event the Federal Circuit's *Stauffer* decision resolves the standing issue in SF Tech's favor.

8

9   IV. CONCLUSION

10        Pursuant to Fed. R. Civ. P. 21, and good cause appearing, this action is hereby severed as to

11   each and every separate defendant.

12        1. The claims brought by plaintiff against Magnum Research are hereby transferred to the

13   District of Minnesota.

14        2. The claims brought by plaintiff against Delta Faucet are hereby transferred to the

15   Southern District of Indiana.

16        3. The claims brought by plaintiff against Graphics Packaging are hereby transferred to the

17   Northern District of Georgia.

18        4. This case number shall remain captioned <u>San Francisco Technology, Inc. v. Adobe

19   Systems, Inc.</u>, but all defendants except Adobe are severed out.

20        5. The Clerk shall open new case numbers for each of the following, all to be assigned to the

21   undersigned, and shall file a copy of the complaint and this order in each.

22        a. <u>San Francisco Technology, Inc. v. Brita Products Co.</u>

23        b. <u>San Francisco Technology, Inc. v. Evans Manufacturing</u>

24        c. <u>San Francisco Technology, Inc. v. Evercare Co.</u>

25        d. <u>San Francisco Technology, Inc. v. Pavestone Company LP</u>

26        e. <u>San Francisco Technology, Inc. v. Procter & Gamble</u>

27        f. <u>San Francisco Technology, Inc. v. SC Johnson</u>

28        g. <u>San Francisco Technology, Inc. v. Spectrum Brands, Inc.</u>

     h. <u>San Francisco Technology, Inc. v. Super Swim Corp.</u>

i. <u>San Francisco Technology, Inc. v. Unilock, Inc.</u>

j. <u>San Francisco Technology, Inc. v. West Coast Chain Mfg. Co.</u>

6. Each of the actions remaining in this district shall then be stayed, pending a Federal Circuit decision in *Stauffer*, or further order of court.[6] The parties shall promptly notify the Court when (a) argument in *Stauffer* has been scheduled; (b) such argument has been held, and (c) a decision issues. This stay may be lifted on the Court's own motion at any time should it appear that waiting for the Federal Circuit to rule is causing undue delay.

7. The motions to dismiss are denied, without prejudice, as described above.

Dated: 4/13/10

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

---

[6]  The Court notes that defendant SC Johnson answered the complaint rather than moving to dismiss. Because a lack of Article III standing is not waivable, however, the stay will be extended to it as well.

8