**\*\*E-filed 12/23/10\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAN FRANCISCO TECHNOLOGY, INC., | No. C 10-1656 RS |
| Plaintiff, | |
| v. | **ORDER REQUESTING BRIEFING** |
| UNILOCK, INC., | |
| Defendant. | |

The parties have submitted a stipulation and proposed order for dismissal of this action, presumably pursuant to a settlement agreement between them. This is a *qui tam* action in which plaintiff, a private entity, seeks to enforce the penal provisions of the Patent Act relating to "false" marking of products as being patented. 35 U.S.C. § 292. The Federal Circuit has held a private person has standing to pursue an action such as this because, "the government would have standing to enforce its own law," and the private plaintiff, "as the government's assignee, also has standing to enforce section 292." *Stauffer v. Brooks Brothers, Inc.*, 619 F.3d 1321, 1325 (Fed. Cir. 2010). The statute provides that if a penalty is recovered, "one-half shall go to the person suing and the other to the use of the United States." 35 U.S.C. § 292(b). A final disposition of the action, even where the government has not intervened, has the potential to serve as a *res judicata* bar to a subsequent effort by the government to recover from the defendant for the same false marking. *See Stauffer*, 619 F.3d at 1329.

Under these circumstances, within 25 days of the date of this order, plaintiff shall file a brief, not to exceed 10 pages, and such supporting declarations as may be appropriate, addressing the following questions:

1. Must a plaintiff settling an action such as this remit one-half of the settlement proceeds to the government, and if so, what arrangements have been made to do so here?

2. What right, if any, does the government have to receive notice of, and an opportunity to object to, a settlement under circumstances like these?

3. What obligation, if any, does the Court have to review and approve the terms of any settlement in a case brought under 35 U.S.C. § 292 by a private plaintiff? *Compare*, *U.S. ex rel Sharma v. University of Southern California*, 217 F.3d 1141, 1143 (noting that the False *Claims Act*, 31 U.S.C. §§ 3729-3731, "provides that the district court must approve a proposed settlement in a qui tam case.").

IT IS SO ORDERED.

Dated: 12/23/10

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE